UNITED STATES of America,
Appellee,

v.

Jean Willem LATHENS, Defendant–
Appellant.

Docket No. 00–1776.

United States Court of Appeals,
Second Circuit.

July 11, 2001.

Colleen P. Cassidy, Esq., Legal Aid Society, Federal Defender Division, New York, NY, for appellant.

John L. Smith, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Cecil C. Scott, on the brief, Brooklyn, NY, for appellee.

Present WALKER, Chief Judge, and CABRANES and STRAUB, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judg-

ment of the district court be and it hereby is AFFIRMED.

John Willem Lathens appeals from a November 30, 2000 judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*), convicting him, following a jury trial, of one count of importation of cocaine, and one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 952 and 841, respectively. Lathens was sentenced to 63 months' imprisonment to be followed by four years' supervised release. On appeal, Lathens contends that his due process rights were violated when (1) the district court committed prejudicial error in charging the jury as to his credibility; and (2) the prosecutor appealed to racial bias in closing argument. Having carefully considered these arguments, we affirm the judgment of the district court.

Lathens was apprehended by the United States Customs Service at John F. Kennedy International Airport upon arrival on a flight from Haiti, after a routine check at Customs revealed that Lathens was wearing sandals filled with cocaine, and carrying a pair of women's sandals also filled with cocaine. Although Lathens conversed with the Customs inspectors in English at the airport, Detective Carmelo Maldonado testified that he enlisted the aid of Senior Customs Inspector Catrina Essen, who was fluent in French. Maldonado and Essen testified that Lathens admitted during this interview that he knew he was carrying drugs. At trial, Lathens testified in his own defense that he was unaware that the sandals in his possession were filled with cocaine, but that he did not remember whether Maldonado and Essen had asked him any questions after they read him his rights. Thus, Lathens characterizes the trial as a credibility contest.

Lathens contends that the district court called unwarranted attention to the defendant's interest in the outcome of the case, while portraying Customs officers as neutral. We disagree, and find that the district court included appropriate balancing language in the instruction. *See United States v. Gleason*, 616 F.2d 2, 15–16 (2d Cir.1979). We review jury instructions in the context of the charge as a whole. *See United States v. Bonito*, 57 F.3d 167, 173 (2d Cir.1995). Over a defense objection, the district court instructed:

> Now, in a criminal case, the defendant cannot be required to testify, but if he chose to do so, he is of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony as you would the testimony of any witness with an interest in the outcome of the case. You should not disregard or disbelieve his testimony simply because he's charged as a defendant in this case.

"Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care ... it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part." *Gleason*, 616 F.2d at 15; *United States v. Matias*, 836 F.2d 744, 750 (2d Cir.1988). The last sentence of the district court's instruction appropriately informed the jury that it could believe the defendant's testimony over conflicting accounts given by other witnesses. The charge as a whole made clear that the jury was not to give greater weight in its credibility assessment to the testimony of law enforcement officers: "You should not presume that a law enforcement officer is any more or less credi-

ble or that his or her testimony is entitled to any more or less weight than others who may testify." We find no error in the jury instruction on credibility.

■ Lathens also contends that he was denied a fair trial because the prosecutor, in summation, asked the jurors to consider whom they would choose—Lathens or Detective Maldonado—to approach on a street corner to ask for directions if they were lost. Lathens characterizes this hypothetical as "flagrant abuse" requiring reversal of his conviction, notwithstanding his lack of objection, because the prosecutor was appealing to race and class bias. We review for plain error. *United States v. Young,* 470 U.S. 1, 14–15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). However, in light of the fact that the record is devoid of any reference—explicit or otherwise—to the defendant's or the Detective's racial background, we cannot conclude that an error occurred. *See United States v. Weiss,* 930 F.2d 185, 196 (2d Cir.1991). Even if we were to assume that the prosecutor's comment was improper, when considered against the proof offered by the prosecution at trial, any error was harmless.

We have considered appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.